# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

No. 11-10968

LARRY NUELL NEATHERY,

Petitioner-Appellant,

v.

WILLIAM STEPHENS, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeals from the United States District Court
for the Northern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:

Larry Nuell Neathery, Texas prisoner # 1357905, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application challenging his conviction for 13 counts of aggravated sexual assault, nine counts of indecency with a child, two counts of sexual performance of a child, and one count of attempted aggravated assault.

We previously issued an order denying Neathery's motions for a COA and appointment of counsel, noting that the district court had concluded that

some of Neathery's claims were unexhausted and procedurally defaulted and that his remaining claims did not entitle him to federal habeas relief.   In our order, we found that Neathery had failed to make "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).   We concluded that Neathery had failed to make such a showing with respect to all his claims, both those that the district court had found were procedurally defaulted and those that it addressed on the merits.   Thus, we denied the COA in full.

In a petition for rehearing en banc to this Court, which we denied, and in a petition for writ of certiorari to the Supreme Court, Neathery argued that his claims which the district court found were procedurally defaulted should be reviewed on the merits in light of the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).   *Martinez* held that federal courts could still hear certain ineffective assistance of counsel claims which would otherwise be procedurally defaulted if the state required such claims to be brought in the initial collateral review proceeding in state court but the petitioner either lacked counsel or had ineffective counsel in that collateral proceeding.

The statutory scheme in Texas, unlike the one at issue in *Martinez*, does not on its face require a defendant to bring ineffective assistance of counsel claims only in the initial collateral review proceeding but also allows the defendant to bring them in the direct criminal appeal.   Nevertheless, in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Supreme Court reasoned that although the Texas statute did not appear to *require* a defendant to raise the claim in the initial collateral review proceeding, that is how it was applied in practice.   Thus, the rule of *Martinez* applies and preserves for federal habeas

review certain claims of ineffective assistance of counsel which would otherwise be procedurally defaulted.

In light of the new rule announced in *Trevino*, the Supreme Court granted Neathery's petition for writ of certiorari, vacated our prior order, and remanded for us to reconsider his petition for COA.  We find that, under *Trevino*, it may be possible for the district court to hear at least some of Neathery's claims of ineffective assistance of trial counsel which would otherwise be procedurally defaulted, to the extent Neathery either lacked counsel or had ineffective counsel in his initial collateral review proceeding in state court.  However, we are unable to determine from the record which, if any, of his ineffective assistance of counsel claims may be preserved for review under *Trevino*.

Accordingly, we remand to the district court for reconsideration of the Petitioner's ineffective assistance of trial counsel claims in accordance with *Trevino* and *Martinez*.  On remand, the district court should (1) determine which, if any, of Neathery's ineffective assistance of trial counsel claims are preserved because he alleged that he either lacked counsel or had ineffective counsel in his initial collateral review proceeding in state court; and (2) determine the merits of any preserved claims.  If Neathery so requests, the district court may in its discretion stay the federal proceeding and permit him to present his preserved claim(s) in state court.

As to claims already addressed on the merits by the district court and claims which are procedurally defaulted and not preserved by *Trevino*, we deny Neathery's COA.